IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES JERMAINE DAVIS,

        Plaintiff,

v.

CORRECTIONAL OFFICER GRIPENTROG,
and SERGEANT STEINERT,

        Defendants.

ORDER

18-cv-91-slc

---

*Pro se* plaintiff James Jermaine Davis is proceeding in this lawsuit against defendants Jacob Gripentrog and Steinert on Eighth Amendment deliberate indifference claims related to their failure to let him see a health care professional Davis injured his finger. Before the court are Davis's motion to compel (dkt. 19) and motion for assistance recruiting counsel (dkt. 23). For the reasons that follow, I am denying both motions.

I.      **Motion to Compel (dkt. 19)**

Davis seeks an order compelling defendants to respond more fully to three of his discovery requests, but he has not provided a basis for relief. To start, there is some question as to whether Davis's motion should be denied outright for his failure to resolve the discovery dispute informally, as required by Federal Rule of Civil Procedure 37(a)(1). Defendants say they did not receive a deficiency letter until June 21, but Davis says that he sent them a letter on May 12, 2019, a month before filing this motion, complaining broadly that their responses were inadequate (*see* Pl. Ex. A (dkt. 22-1, at 3)). Davis's letter only specifically references one of his discovery requests, so I'm not persuaded that this letter represents a good faith effort to resolve all of Davis's complaints about defendants' responses. But I need not resolve this issue, because Davis has not identified any basis to compel a different response from defendants.

First, Davis takes issue with defendants' statements in response to his requests for admission because their statement have been inconsistent with a non-defendant's statements that were taken when Davis was pursuing an inmate complaint about his claims. While Davis may believe that defendants' responses are untrue, defendants' responses are what they are, and it is not up to this court to order defendants to change them. Davis is free to challenge defendants' answers in motions practice or at trial.

Second, Davis appears to take issue with defendants' response to his request for production of documents and to identify any individuals with knowledge of the incident. Yet defendants identified Lt. Immerfall as an individual with knowledge and referred Davis to grievance materials and Davis's request slip related to that incident. Defendants represent that they have not located any other responsive documents. Davis does not explain how this response was inadequate, so I will not compel defendants to supplement their response.

Third, Davis asked defendants to identify the Health Services Unit (HSU) staff whom defendants contacted about Davis's injury. Defendants represent that they did not receive this request until Davis's June 21 letter, and are in the process of responding to it. At this point, there is nothing for the court to do on this one.
.

II.     Motion for Assistance in Recruiting Counsel (dkt. 26, 28)

A pro se litigant does not have a right to counsel in a civil case, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in finding a lawyer to represent them. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A party who wants assistance from the court in recruiting counsel must meet certain requirements. *Santiago*

*v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). First, he must show that he is unable to afford counsel and that he made reasonable efforts on his own to find a lawyer to represent him. Davis has satisfied these preliminary requirements.

Nonetheless, I am not convinced that the legal and factual difficulty of this case exceeds Davis's demonstrated ability to prosecute it. *Pruitt*, 503 F.3d at 654–55. "The question is not whether a lawyer would present the case more effectively than the pro se plaintiff" but instead whether the pro se litigant can "coherently present [his case] to the judge or jury himself." *Id.* at 655. Almost all of this court's pro se litigants would benefit from the assistance of counsel, but there are not enough lawyers willing to take these types of cases to provide one to each plaintiff. Accordingly, the court must decide in each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

Davis seeks assistance in recruiting counsel because his imprisonment curtails his ability to research and investigate his claims, which may require expert testimony. To start, however, nearly all pro se litigants are untrained in the law and many of them are raising issues about medical care. There is no categorical rule that all prisoners challenging the adequacy of their medical care are entitled to counsel. *See Williams v. Swenson,* 747 F. App'x 432, 434 (7th Cir. 2019) (affirming district court's denial of request for counsel in medical care case); *Dobbey v. Carter*, 734 F. App'x 362, 364 (7th Cir. 2018) (same); *Romanelli v. Suliene*, 615 F.3d 847, 853 (7th Cir. 2010) (same). The law governing Davis's claims is well established and was explained to him in the screening order, and at this point, it does not appear that the case will turn on

3

questions requiring medical expertise. *See Redman v. Doehling,* 751 F. App'x 900, 905 (7th Cir. 2018) ("Redman could litigate his claims himself because they turned on historical facts as opposed to medical evidence").

More broadly, Davis's filings indicate that he is capable of litigating this lawsuit without an attorney, at least at this stage. His submissions have been clear and they reflect an understanding of the Eighth Amendment standard related to an alleged failure to provide access to medical care. Davis's use of discovery and discovery-based motions practice demonstrate that Davis has been able to effectively gather information and evidence related to his claims. In short, I am not persuaded that Davis is unable litigate this lawsuit without the assistance of an attorney. Davis is free to renew his request later in this case.

ORDER

IT IS ORDERED THAT:

1) Plaintiff James Jermaine Davis's motion to compel (dkt. 19) is DENIED.
2) Plaintiff's motion for assistance in recruiting counsel (dkt. 23) is DENIED without prejudice.

Entered this 7th day of August, 2019.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge